IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT ) | | |
| OPPORTUNITY COMMISSION, ) | | |
| ) | | |
| Plaintiff, ) | CIVIL ACTION NO. 1:08-cv-00186 | |
| ) | | |
| v. ) | | |
| ) | | |
| M H C CONSTRUCTION, LLC d/b/a M H C ) | COMPLAINT | |
| CONSTRUCTION and DISASTER MASTER ) | | |
| COMPANY d/b/a M H C CONSTRUCTION ) | JURY TRIAL DEMAND | |
| ) | | |
| Defendants. | | |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, to remedy the breach of a Conciliation Agreement resolving a charge filed with the Commission. The Commission alleges that it entered into a Conciliation Agreement with Defendant M H C Construction, LLC d/b/a M H C Construction and Defendant Disaster Master Company d/b/a M H C Construction (sometimes collectively "Defendants") on September 20, 2007, in settlement of a charge filed by Kristi Weatherman. The Commission further alleges that Defendants breached the Conciliation Agreement by failing to abide by the terms thereof.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is authorized to bring this lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. On information and belief, at all relevant times, both Defendants have continuously been North Carolina corporations doing business in the State of North Carolina and the City of Winston-Salem and have continuously had at least 15 employees.

5. On information and belief, at all relevant times, both Defendants have continuously been joint employers, or separate employers, engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. On information and belief, at all relevant times, both Defendants have operated under the alias "M H C Construction."

**STATEMENT OF CLAIMS**

7. On May 25, 2006, Kristi Weatherman filed Charge No. 435-2006-00960C with the Commission, alleging violations of Title VII by her employer, "M H C Construction." In her charge, Weatherman alleged that from the first date of her employment on or about February 23, 2006, and continuing through the final date of her employment on or about February 27, 2006, she was subjected to sexual harassment, including sexual advances by the owner of "M H C Construction." Weatherman further alleged that she was discharged on or about February 27, 2006, for rejecting the sexual advances.

8.      The Commission investigated Weatherman's charge and issued a determination letter dated May 18, 2007.  In the determination letter, the Commission found that "M H C Construction" violated Title VII by subjecting Weatherman to unwelcome sexual harassment, and by discharging Weatherman for rejecting the owner's sexual advances.  The Commission thereafter successfully settled the sexual harassment charge through voluntary conciliation with Defendants, who were represented in the conciliation discussions by their owner, who is also the alleged sexual harasser.  The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Weatherman on August 1, 2007, by "M H C Construction" on September 18, 2007, and by the Commission on September 20, 2007.  On information and belief, the Conciliation Agreement was signed by the owner of both named Defendants on behalf of both named Defendants.

9.      After the parties had negotiated and reached an agreement as to all terms in the Conciliation Agreement, Defendants attempted to unilaterally add a term to the Conciliation Agreement, by hand-writing the term next to the owner's signature thereon.  The term provided that Weatherman would sign a "legal agreement of non-disclosure" before the Conciliation Agreement would become enforceable.  However, this term was never negotiated between, or agreed upon by, the parties to the Conciliation Agreement.  Defendants never addressed their proposed non-disclosure agreement during conciliation discussions with the Commission, or at any time thereafter, and Defendants never submitted any such non-disclosure agreement to the Commission or to Weatherman.  A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit A and incorporated herein by reference.

10.     Under the terms of the Conciliation Agreement, Defendants were required to: (1) pay Kristi Weatherman twenty-five thousand dollars ($25,000) in monetary damages within ten

3

days of receipt of the final executed Conciliation Agreement from EEOC; and (2) purge Weatherman's personnel file of any information pertaining to the discriminatory act or Weatherman's charge of discrimination within ten days of receipt of the final executed Conciliation Agreement. On September 20, 2007, the Commission mailed a final executed copy of the Conciliation Agreement to Defendants. The document was sent by regular U.S. mail, postage prepaid, to Defendants at their last known mailing address, which is the same address to which other correspondence had been sent to, and received by Defendants, during the Commission's investigation of Weatherman's charge. The document was not returned to the Commission by the U.S. Postal Service.

11. Defendants were also required under the conciliation agreement to provide training on the nondiscriminatory provisions of Title VII, including sexual harassment and retaliation, to all personnel including supervisory and management employees. On information and belief, Defendants have failed to do so.

12. Since October 2007, Defendants have been in breach of the Conciliation Agreement by failing and refusing to comply with the terms thereof. Defendants have also failed and refused to return telephone calls made to them by the Commission to address this matter.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a judgment ordering Defendants, jointly and severally, to pay Kristi Weatherman twenty-five thousand dollars ($25,000), pursuant to the terms of the Conciliation Agreement.

B. Grant a judgment ordering Defendants to purge Kristi Weatherman's personnel file of any information pertaining to the discriminatory act or Weatherman's charge of

discrimination with the Commission, pursuant to the terms of the Conciliation Agreement.

C.     Order Defendants, jointly and severally, to make whole Kristi Weatherman by providing her compensation for any past and future pecuniary losses resulting from the breach of the Conciliation Agreement, in amounts to be determined at trial.

D.     Grant a judgment ordering Defendants, jointly and severally, to pay prejudgment interest and all legal costs associated with the collection of the amount due and owing.

E.     Order Defendants to train all personnel, including supervisory and management employees, on the nondiscriminatory provisions of Title VII including sexual harassment and retaliation, pursuant to the conciliation agreement.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 19th day of March, 2008.

> Respectfully submitted,
>
> RONALD S. COOPER
> General Counsel
>
> JAMES L. LEE
> Deputy General Counsel

5

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507


s/ Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney
TINA M. BURNSIDE
Supervisory Trial Attorney

s/ Darryl L. Edwards_____
DARRYL L. EDWARDS (PA Bar # 205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6875 (Direct Dial)
(704) 344-6870 (Facsimile)
Darryl.Edwards@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6